UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JACK T. CRAWFORD #156698, | |
| Petitioner, | Case No. 1:05-cv-811 |
| v. | Honorable Robert Holmes Bell |
| DOUG VASBINDER, | |
| | **MEMORANDUM OPINION** |
| Respondent. | |

This matter is before the court on remand from the Court of Appeals. By order entered October 28, 2011, the Court of Appeals found untimely petitioner's notice of appeal from this court's order of February 4, 2011, denying petitioner's request for relief under Rule 60(b). The appellate court remanded the matter for the limited purpose of determining whether documents filed by petitioner on July 5 and August 1, 2011, should be deemed requests to reopen the time to appeal, and, if so, whether such requests should be granted.

**FACTS**

This was a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On March 3, 2009, the court entered a judgment adopting the magistrate judge's report and recommendation and denying habeas corpus relief. Petitioner sought appellate review, but the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability by order entered January 25, 2010 (Crawford v. Vasbinder, No. 09-1392). On January 27, 2011 – almost two years after the district court judgment and one year after the Court of Appeals denied review – petitioner filed a Rule 60(b) motion (Docket #56). The motion complained that the court's judgment

misidentified petitioner. Beyond that, the Rule 60(b) motion merely re-argued all of the claims that had been found meritless by the district court and the court of appeals. Within a week after receiving the Rule 60(b) motion, this court entered an order amending the final judgment to correct the clerical error but otherwise denying relief (Order, Docket #58, dated February 4, 2011).

On June 28, 2011, the clerk received a letter from petitioner (Docket #59) inquiring concerning the status of the Rule 60(b) motion. The letter recited that petitioner had not received any orders regarding the motion and asked for a copy of the docket sheet, which was then provided by the clerk. Petitioner apparently reviewed the docket sheet and saw that an order had been entered four months earlier, denying his motion. On July 5, 2011, the clerk received a letter from petitioner (Docket #60), who stated that he had never received a copy of the order denying his Rule 60(b) motion. Petitioner asked for a copy of the order "so that I may proceed to the next court." On August 1, 2011, petitioner filed a document called "Delayed Notice of Appeal," (Docket #61), supported by an affidavit (Docket #62). The affidavit asserted that petitioner had not received a copy of the court's order denying Rule 60(b) relief, which the clerk had sent to the G. Robert Cotton Facility, rather than to the Lakeland Correctional Facility, where petitioner was housed at the time the court entered its order. The appellant asserted that petitioner first received the order on July 6, 2011. (¶6). He therefore requested that the thirty-day period for appeal be deemed to have begun on July 7, 2011 (¶7). This court then granted petitioner leave to proceed *in forma pauperis*, although he was denied a certificate of appealability. The delayed notice of appeal was submitted almost five months after the entry of the order appealed from, and therefore was clearly untimely. *See* FED. R. APP. P. 4(a)(1)(A) (notice of appeal must be filed within thirty days of the entry of the order appealed from).

By order entered October 28, 2011, the court of appeals remanded this matter for the limited purpose of considering whether the documents previously filed by petitioner entitle him to relief under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.

### DISCUSSION

Rule 4(a)(6) of the Federal Rules of Appellate Procedure empowers the district court to reopen the time to file an appeal, if the court finds (1) that the moving party did not receive notice of a judgment within twenty-one days after its entry, (2) that the motion for relief is filed within one hundred eighty days after the judgment is entered or within fourteen days after the moving party receives actual notice of the judgment, whichever is earlier, (3) and no prejudice would ensue. Because the time limits in Rule 4(a)(6) are dictated by statute, 28 U.S.C. § 2107, they are considered to be jurisdictional. *See Bowles v. Russell*, 551 U.S. 205 (2007). Rule 4(a)(6) invests the district court with discretion to reopen the time to appeal. *Kuhn v. Sulzer Ortho. Inc.*, 498 F.3d 365, 369 (6th Cir. 2007). Hence, the court may deny relief even if all time prerequisites under the Rule have been met. *Id.* at 369.

For present purposes, the court will accept petitioner's factual assertions as true. In particular, the court will accept that the clerk served the original copy of the court's order at petitioner's former prison address, as this fact is confirmed by the court's own records. The court also accepts that petitioner's first notice of the entry of the order of February 4, 2011 occurred when petitioner received a copy of the docket sheet on June 30, 2011, as recited in petitioner's letter (Docket #60 at ID #421). Finally, it is accepted that petitioner first received a copy of the order on July 6, 2011, as averred in his affidavit (Docket #62 at ID #425).

Upon review of the record, the court finds that petitioner is not entitled to relief under

FED. R. APP. P. 4(a)(6). Petitioner has satisfied only two of the three prerequisites of Rule 4(a)(6). Specifically, he has satisfied the requirement that he did not receive notice of the judgment within twenty-one days after its entry, and the requirement showing the lack of prejudice to the other party. Petitioner did not seek relief, however, within fourteen days after receiving actual notice of the judgment. FED. R. APP. P. 4(a)(6)(B); *See also Paige v. Holt*, No. 11-2155, 2011 W.C. 2938253, at *2 (3d Cir. July 15, 2011) (The court must apply the "earlier" of the two deadlines under Rule 4(a)(b)(B)). By his own admission, petitioner knew of the entry of the order (but not its contents) on June 30, 2011. Petitioner did not seek any relief at that time, but merely asked the clerk for a copy of the order. Again by petitioner's own admission, he received a copy of the order on July 6, 2011. If the fourteen-day period under FED. R. APP. P. 4(a)(6)(B) began to run on July 1st (the day after petitioner received notice of the entry of the order), it expired on July 14, 2011. Petitioner could still have complied with the fourteen-day deadline, as he had a full week after receiving a copy of the order on July 6 in which to ask for relief. If the fourteen-day period began to run only on July 7th (the day after petitioner first received a copy of the order), his time to act under Rule 4(a)(6) expired on July 20, 2011. It is not necessary for purposes of this case to determine whether the deadline was July 14, 2011 or July 20, 2011. Petitioner did not seek relief of any kind until July 28, 2011, when he filed his "delayed notice of appeal" and supporting affidavit[1]. Thus, petitioner did not seek any relief in this court until twenty-eight days had expired from his first notice of the entry of the order and twenty-two days had expired from his actual receipt of the order. In neither case did petitioner seek relief within the fourteen-day period allowed by Rule 4(a)(6)(B). The district court

---

[1] The court gives petitioner the benefit of the "mailbox rule" by deeming his motion filed when posted in the prison. *See* FED. R. APP. P. 4(c).

has no authority to grant a motion that is not filed within the time constraints set forth in Rule 4(a)(6)(B).  *See Martin v. Straub*, 27 F. App'x 337, 338 (6th Cir. 2001) (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 794-95 (9th Cir. 1995)); *see also Portley-El v. Milyard*, 365 F. App'x 912, 916-17 (10th Cir. 2010); *Martinez v. Hoke,* 38 F.3d 655, 657 (2d Cir. 1994).

Consequently, petitioner is not entitled to relief on account of either of the documents identified in the order of remand as a possible ground for relief.  Petitioner's letter of July 5, 2011, was merely a request for a copy of the court's order.  Plaintiff could have, but clearly did not, seek substantive relief at that time.  He was free to file a notice of appeal at that time, or to request relief from the deadline.  His letter of July 5 cannot reasonably be read as either a notice of appeal or a request for relief from the district court.  Petitioner's submission of August 1 was clearly intended to serve as a notice of appeal and can also be reasonably construed as a request for relief from the strictures of the appellate deadline.  As noted above, however, the August 1 documents were submitted well after the expiration of the mandatory fourteen-day deadline, under 28 U.S.C. § 2107(c) and Fed. R. App. P. 4(a)(6)(B).  Petitioner is therefore not entitled to relief.

An order will be entered denying relief under FED. R. APP. P. 4(a)(6).


Dated:  November 3, 2011                             /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE